## Joel S. Kelly v. Shumway & Johnson.

1. AGENCY—*Evidence of.*—Upon a controversy as to the existence of an agency, testimony showing that the party contesting the same said he intended to take his business out of the insisting party's hands, is competent.

2. MOTION FOR A NEW TRIAL—*Requisites—What Must Be Pointed Out.*—Error in giving instructions must be pointed out in the motion for a new trial. It comes too late in the Appellate Court.

**Memorandum.**—Assumpsit for commissions on the sale of real estate. Appeal from the Circuit Court of Christian County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

### REDFERN'S TESTIMONY.

I reside in Buckhart township, and know the parties to this suit. I know the farm owned by Kelly, east of Taylorville. I had a conversation with Shumway & Johnson about August, before the farm was sold to Stine, about purchasing the farm.

Counsel for defendant: We insist they were not our agents, and object.

By the Court: I am of the opinion the testimony may go to the jury. I do not pass upon what testimony is in. I am of the opinion the color line has passed. (Counsel for defendant excepted.)

They had the Kelly farm for sale. I came and saw them and asked about the farm. Shumway & Johnson priced the farm to me at $55 an acre. After I looked at it I told Johnson I would take it at $55. They then telephoned Kelly they had sold his place at his price. I do not know what Kelly replied; I don't remember what Johnson replied; Johnson spoke something to me about going down to see Kelly. I didn't really tell him I would go. I went to see Kelly but did not tell him that I had been trying to buy the farm; I asked him his price; he told me $55 an acre. I told I would take it at that figure. He said he would have to see Shumway & Johnson; he wanted to remove the sale out of their hands. He said he was coming to Taylorville that evening to remove the farm out and let me have it at their price. When he came here that evening I found him and the gentleman who bought the farm. I spoke to Kelly at the corner where he and this fellow were in conversation. I was ready to take the farm and had arranged with father for the money. I did not get the place, and I understand Kelly sold that evening to Stine.

*Plaintiffs' third and sixth instructions assigned for error:*

3d. If you believe from the greater weight of the evidence that the

Kelly v. Shumway & Johnson.

plaintiffs did at any time, when they had, by a then existing contract, authority to sell the farm in question, procure a purchaser or purchasers who accepted all the terms and conditions upon which they held said farm for sale, and the said purchaser or purchasers were at the time willing, ready, and able to comply with all the terms and conditions upon which the said farm was held for sale, then the plaintiffs would be entitled to their commission or fees in such sum as the evidence shows they were to receive, if any; and in such case your verdict will be for the plaintiffs.

6th.   If the jury believe from the evidence in this case, that the evidence fails to show by the greater weight thereof, that at a time when there was an existing contract between plaintiffs and defendant, authorizing the plaintiffs to sell said farm, that the plaintiffs did procure a purchaser or purchasers who accepted all the terms and conditions upon which said land was held for sale, and who were at the time willing, ready and able to comply with all such terms and conditions, then the plaintiffs will not be entitled to any commissions or fee, and in such case your verdict will be for the defendant.

Taylor & Abrams, attorneys for appellant.

John E. Hogan and John G. Drennan, attorneys for appellees.

Mr. Justice Wall delivered the opinion of the Court.

This is an appeal from a judgment of $100, for commissions upon the sale of real estate.

The questions of fact as to whether plaintiffs were authorized by the defendant to sell his farm, and whether they produced a buyer who was able and willing to take the property on the defendant's terms, were found by the jury for the plaintiffs.   Admitting there is considerable conflict upon material points, yet we find no such want of proof nor such preponderance against the verdict as to warrant reversal.

The objection based upon the admission of the testimony of Redfern, is, we think, not well made.   The important feature of his testimony was the statement by defendant tending to show that the plaintiffs were his agents in respect to the sale of this land, and this, of course, was competent.

The conversation with plaintiffs and their action in thereupon communicating with the defendant by telephone, were

merely preliminary to the interview the witness had with the defendant, and were properly shown in order to make more clear and intelligible what followed.

The objection to the third and sixth instructions must also be overruled.    It is urged that the court in these instructions assumed there was an existing contract of agency.

This is a misapprehension.    The statement in that respect is hypothetical and could not fairly be understood otherwise.

This view is strengthened by other portions of the charge, wherein it was laid down as a part of plaintiffs' alleged case, that there was such agency, and that it devolved upon the plaintiffs to prove every material allegation by the greater weight of the evidence.

In the motion for new trial it was not pointed out that the court erred in the instructions, and therefore the present objection comes too late.

No other points are presented in the brief.    The judgment is affirmed.